**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | |
|---|---|
| **CHRIS WILHELM** | ) |
| | ) |
| **AND** | ) |
| | ) |
| **JOHN WEBER** | ) |
| | ) |
| On Behalf of Themselves and | ) |
| All Others Similarly Situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 07-2465 KHV |
| vs. | ) |
| | ) |
| **TLC LAWN CARE, INC.** | ) |
| A Kansas Corporation | ) |
| Registered Agent: | ) |
| DSD Service Corporation | ) |
| 11040 Oakmont | ) |
| Overland Park, KS 66210 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**COME NOW** the Plaintiffs, Chris Wilhelm and John Weber, on behalf of themselves and all others similarly situated, by and through counsel, and hereby sets forth their representative action for violation of the Fair Labor Standards Act under §216(b) and an alternative representative action for violation of the Kansas Minimum Wage and Maximum Hours Law under Fed.R.Civ.P. 23 as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs Chris Wilhelm and John Weber bring this action against Defendant TLC Lawn Care, Inc. (hereafter "TLC") for unpaid overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay

        straight time and overtime compensation due and owing to Wilhelm, Weber, and all other similarly situated employees. Doing so is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA). Alternatively, for all pay periods and/or employees not governed by the FLSA, the Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim against Defendant for a violation of the Kansas Minimum Wage and Maximum Hours Law, K.S.A. §44-1202 *et seq.* (KMWMHL), and the Kansas Wage Payment Act (KWPA) K.S.A. §44-313 *et seq*.

2. Defendant's practices are in direct violation of the FLSA and/or the KMWMHL and the KWPA, and Plaintiffs seek injunctive and declaratory relief; unpaid straight time, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Chris Wilhelm currently resides at 365 Frances Lane, #103, Lansing, in Leavenworth County, Kansas. Plaintiff was employed as an hourly laborer (a/k/a "laborer") for the Defendant and worked out of Defendant's place of business in Overland Park, Johnson County, Kansas. Plaintiff Wilhelm, and all others similarly situated for the purposes of this collective and/or class action, worked out of this location.

4. Plaintiff John Weber currently resides at 714 Michigan St, Leavenworth, in Leavenworth County, Kansas. Plaintiff was employed as an hourly laborer (a/k/a "laborer") for the Defendant and worked out of Defendant's place of business in Overland Park, Johnson County, Kansas. Plaintiff Weber, and all others similarly situated for the purposes of this collective and/or class action, worked out of this location.

5. Plaintiffs Wilhelm, Weber, and other similarly situated laborers regularly worked off the clock, and worked in excess of forty hours per week without receiving overtime compensation at a rate not less than one and one half the regular rate of pay as required by federal law, or alternatively, worked hours in excess of forty-six hours per week without receiving overtime compensation at a rate not less than one and one half the regular rate of pay as required by the law of the State of Kansas.

6. Defendant TLC is a Kansas Corporation registered and in good standing in the State of Kansas with its principle place of business located at 19600 W 159TH ST, OLATHE, KS 66062.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

8. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Johnson County, Kansas, located within this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part in the District of Kansas. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

10. The Plaintiffs', and all other similarly situated employees of Defendant, claims for violations of the KMWMHL and KWPA are based upon the statutory law of the State of Kansas. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for this pendant

state claim because it arises out of the same nucleus of operative facts as the FLSA claim. The two causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties. The liability evidence establishing both causes of action will be similar and neither issue will predominate the other nor create confusion to a jury.

## COUNT I - FLSA CLAIM

11. As far as the factual allegations contained herein are applicable to the following claims, the Plaintiffs hereby incorporate by reference paragraphs 1 through 10 of this Complaint.

12. Plaintiff Wilhelm was employed by the Defendant from approximately May, 2004 through March, 2007. During this time frame, Mr. Wilhelm performed lawn care services for Defendant.

13. Plaintiff Weber was employed by the Defendant from approximately February, 2002 through April, 2007. During this time frame, Mr. Weber performed lawn care services for Defendant.

14. Prior to, during, and after the Plaintiffs' employment with the Defendant, the Defendant employed numerous other individuals who had the same job duties and compensation structure of the Plaintiffs, at Defendant's Olathe, Kansas location, whom also worked as laborers (the Putative Representative Action Plaintiffs).

15. Plaintiffs bring this Complaint as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendant as laborers at the Defendant's Overland Park, Kansas business location within three years from the commencement of this action and who have not been

        compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

16. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by Mr. Wilhelm, and Mr. Weber, the Representative Plaintiffs, because the claims of Mr. Wilhelm and Mr. Weber are similar to the claims of the Putative Plaintiffs of the representative action.

17. Mr. Wilhelm, Mr. Weber, and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay for all hours worked, and refusing to pay overtime in violation of the FLSA.

18. The names and addresses of the Putative Plaintiffs of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

19. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the Putative members of the FLSA representative action. At all times relevant herein, Defendant has respectively had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

20. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

21. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Mr. Wilhelm, Mr. Weber, and the Putative members of the FLSA representative action, are entitled to be paid overtime compensation for all overtime hours worked.

22. At all relevant times, Defendant had a policy and practice of failing and refusing to pay its laborers for all hours worked, and failing and refusing to pay full overtime pay to its laborers at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

23. The Defendant failed and continues to fail to compensate Plaintiffs and all other similarly situated employees for all hours worked, and for all overtime hours at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

24. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

25. Mr. Wilhelm and Mr. Weber, on behalf of themselves and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

26. Mr. Wilhelm and Mr. Weber, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all Putative members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Chris Wilhelm and John Weber as Representative Plaintiffs of the Putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiffs and the Putative members of the class, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and post-judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – KMWMHL & KWPA

27. The Plaintiffs, on behalf of themselves and all others similarly situated, alternatively bring Count II under the Kansas Minimum Wage and Maximum Hours Law (KMWMHL) for all pay periods and/or laborers not governed by the FLSA.

28. As far as said factual allegations are applicable to the claims made herein under the KMWMHL and the KWPA, the Plaintiffs hereby incorporate paragraphs 1 through 27 of this Complaint.

29. At all relevant times, Defendant has been, and will continue to be, an "employer" within the meaning of the KMWMHL, K.S.A. §44-1202(d).

30. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," within the meaning of the KMWMHL, K.S.A. §44-1202(e) including the Plaintiffs and all others similarly situated.

31. The Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation the KMWMHL, K.S.A. §44-1202 *et seq*.

32. This action is brought by the Plaintiffs on behalf of themselves, and all others similarly situated, for Defendant's failure to properly pay overtime compensation under the KMWMHL pursuant to Fed. R. Civ. P. 23(a) and (b)(c) as follows:

All present or former employees of TLC Lawn Care, Inc. who performed the job duties of laborers from the Defendant's location of business in Olathe, Kansas, and who were paid compensation by Defendant under its payment plan for laborers.

8

33. The Plaintiffs and all others similarly situated, have substantially similar job requirements and pay provisions, regularly work in excess of 46 hours per week, and are subject to Defendant's common practice, policy, or plan of refusing to pay overtime in violation of the KMWMHL and the KWPA.

34. The KMWMHL requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty-six hours in a work week as set forth in K.S.A. §44-1204.

35. The Plaintiffs and the Putative members of the KMWMHL and KWPA representative action are not exempt from the right to receive overtime pay under the KMWMHL and KWPA and are not exempt from the requirement that their employer pay them overtime compensation under the KMWMHL and KWPA.  Mr. Wilhelm, Mr. Weber, and the Putative members of the KMWMHL and KWPA representative action, are entitled to be paid overtime compensation for all overtime hours worked.

36. At all relevant times, Defendant had a policy and practice of failing and refusing to pay full overtime pay to its laborers at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty-six hours in a work week and, therefore, Defendant has violated, and continues to violate, the KMWMHL, K.S.A. §44-1202, *et seq.,* including K.S.A. §44-1204(a).

37. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at the present time.

38. There are questions of law and fact arising in this action which are common to Plaintiffs and Putative members of the class, including:

9

    (a)    Whether Defendant's pay plan and pay policies for the employees who work as laborers violate the rights to overtime compensation afforded under the KMWMHL, K.S.A. §44-1202 *et seq.* and KWPA, K.S.A. §44-313 *et seq.*;

    (b)    Whether Defendant's conduct violated the KMWMHL and the KWPA;

    (c)    Whether Plaintiffs and other members of the class have suffered damages as a result of Defendant's violation of the KMWMHL and the KWPA; and

    (d)    the class-wide measure of damages.

39. The Plaintiffs' claims are typical of the claims of the members of the class. The Plaintiffs were paid under the same policy and procedure as all members of the class. The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant that was in violation of the KMWMHL.

40. The Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained counsel who are competent and experienced in class action and complex litigation involving overtime claims. The Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

41. The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members. Without limiting the generality of the foregoing, the legal and factual issues concerning the scope and effects of Defendant's conduct alleged herein are (a) central to each Plaintiff's claim, (b) substantially identical with respect to each Plaintiff's burden of demonstrating liability under the KMWMHL, and (c) the most important and fundamental issues to be determined at trial.

42. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit

       the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiff can effectively litigate against a large, well-represented corporate defendant such as Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts, as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

43. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KMWMHL and the KWPA. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the Court or enabling them to opt-out of this class.

44. The acts committed by Defendant alleged herein constitute a violation of the KMWMHL and the KWPA. The statutory law relating to the violation of the KMWMHL and the KWPA are substantially similar for all of Defendant's employees working as laborers from the Olathe, Kansas office.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

a. Declaring and certifying this action as a proper class action under Fed.R.Civ.P. 23 for the claim that Defendant violated the KMWMHL and the KWPA and naming these Plaintiffs as proper class representatives;

b. Declaring and determining that Defendant violated the KMWMHL and the KWPA by failing to properly pay overtime compensation to the Plaintiffs and other members of the class;

c. Enjoining and restraining the Defendant from violating provisions of the KMWMHL and the KWPA and judgment be entered herein against Defendant in the amounts respectively due Plaintiffs and other employees of Defendant similarly situated for unpaid overtime compensation;

d. Plaintiff's costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e. An award of damages for overtime compensation due for the Plaintiffs and the Putative members of the class, including a 100% penalty for nonpayment, to be paid by Defendant;

f. Pre-Judgment and post-judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

The Plaintiffs, by and through their counsel of record, hereby designate the place of trial as follows: **Kansas City, Kansas**.

Respectfully submitted,

*/s/ Michael F. Brady*
Michael F. Brady      KS# 18630
Michael Hodgson      KS #21331
The Law Offices of Michael F. Brady
Overland Park, KS 66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
mhodgson@mbradylaw.com

**ATTORNEYS FOR PLAINTIFFS**