## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRIS WILHELM, et al.        )
                                 )
                Plaintiff,     )
v.                            )     Case No. 07-2465 KHV
                                 )
TLC LAWN CARE, INC.,      )
                                 )
                Defendant.   )
_____)

## DEFENDANT TLC LAWN CARE, INC.'S
## ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM AGAINST
## PLAINTIFFS CHRIS WILHELM AND JOHN WEBER

Defendant TLC Lawn Care, Inc. by and through Eric G. Kraft and Deron A. Anliker of Duggan, Shadwick, Doerr & Kurlbaum, P.C., hereby responds to the allegations of Plaintiffs' Complaint as follows:

1.      Paragraph 1 contains purported statements of law which do not require an answer.  Defendant denies these statements, to the extent that any answer is required, and Defendant further denies any and all factual allegations of paragraph 1 of Plaintiffs' Complaint.

2.      Paragraph 2 contains purported statements of law which do not require an answer.  Defendant denies these statements, to the extent that any answer is required, and Defendant further denies any factual allegations of paragraph 2 of Plaintiffs' Complaint.

3.      Defendant admits the portion of paragraph 3 that alleges that it employed Plaintiff Wilhelm as an hourly laborer and that Wilhelm worked out of the Defendant's Olathe, Kansas location.  Defendant is without knowledge or information with which it can admit or deny the remaining allegations of paragraph 3 concerning any defendants which are alleged to be similarly-situated as this defendant and therefore denies the same.

Further answering, Defendant denies that there are any such similarly-situated defendants and denies that this action is appropriately a class-action under any applicable law.

4.      Defendant admits the portion of paragraph 4 that alleges that it employed Plaintiff Weber as an hourly laborer and that Wilhelm worked out of the Defendant's Overland Park, Kansas location.  Defendant is without knowledge or information with which it can admit or deny the remaining allegations of paragraph 4 concerning any defendants which are alleged to be similarly situated as this defendant and therefore denies the same.  Further answering, Defendant denies that there are any such similarly-situated defendants and denies that this action is appropriately a class-action under any applicable law.

5.      Defendant denies the allegations of paragraph 5 of Plaintiffs' Complaint. Further answering, Defendant denies that this action is appropriately a class-action under any applicable law.

6.      Defendant admits the allegations of paragraph 6 of Plaintiffs' Complaint.

7.      Defendant asserts that it is exempt from the jurisdiction of the Fair Labor Standards Act as asserted by the Plaintiffs and therefore denies that there is any federal question which provides this Court jurisdiction as alleged in paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits that it conducts business in Johnson County, Kansas and that this Court possesses personal jurisdiction over this Defendant, but it denies that this Court possesses any subject matter jurisdiction over the issues articulated in Plaintiffs' Complaint.

9.      Defendant admits the allegations of paragraph 9 of Plaintiffs' Complaint, but asserts that the Court's lack of subject-matter jurisdiction prevents this venue from being appropriate.

10.     The first sentence of paragraph 10 of Plaintiffs' Complaint asserts a statement which is not factual in nature and requires no answer.  To the extent that any answer is required, any allegations of this sentence are denied.  Further answering, Defendant denies that this Court possesses any supplemental jurisdiction for any pendant state claim due to its inability to assert jurisdiction over the federal claim alleged by the Plaintiffs and therefore denies all remaining allegations of paragraph 10 of Plaintiffs' Complaint.  Additionally, Defendant further denies that this matter is appropriately a class-action under any applicable law.

11.     Paragraph 11 merely incorporates the allegations of previous paragraphs. Those allegations are admitted or denied as herein set forth.

12.     Defendant admits that it employed Plaintiff Wilhelm, but denies the time period referenced in paragraph 12 of Plaintiffs' Complaint and denies the remaining allegations of paragraph 12 of Plaintiffs' Complaint.

13.     Defendant admits that it employed Plaintiff Weber, but denies the time period referenced in paragraph 13 of Plaintiffs' Complaint and denies the remaining allegations of paragraph 12 of Plaintiffs' Complaint.

14.     Defendant denies the allegations of paragraph 14 of Plaintiffs' Complaint and further states that it is unaware of any other individuals with the same job duties or "compensation structure" as the Plaintiffs, as described in Plaintiffs' Complaint, at the times pertinent herein.  To the extent that the definition of "laborers" incorporates the

allegations of paragraph 12 and 13 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to those paragraphs.

15.     Defendant admits that Plaintiffs purport to bring their Complaint as a collective action, but denies that a collective action is appropriate in this matter. Moreover, Defendant denies that the Fair Labor Standards Act applies to this action as alleged in paragraph 15 of Plaintiffs' Complaint.  The remaining allegations of this paragraph are merely statements of purported law and do not require an answer.  To the extent that they require an answer, any such allegations are denied.

16.     Defendant denies that the Fair Labor Standards Act applies to this action as alleged in paragraph 16 of Plaintiffs' Complaint and further denies the remaining allegations of this paragraph to the extent that they require an answer.

17.     Defendant denies that the Fair Labor Standards Act applies to this action as alleged in paragraph 17 of Plaintiffs' Complaint and further denies the remaining allegations of this paragraph.  Further answering, Defendant denies that this action is appropriate as a collective action as purported in this paragraph.

18.     Defendant denies that there are any "putative plaintiffs" as alleged in paragraph 18 of Plaintiffs' Complaint and further deny all remaining allegations of this paragraph to the extent that they require an answer.

19.     Paragraph 19 of Plaintiffs' Complaint contains statements of law which do not require an answer.  Further answering, Defendant asserts that it is exempt from the jurisdiction of the Fair Labor Standards Act as asserted by the Plaintiffs and therefore denies all allegations of paragraph 19 of Plaintiffs' Complaint.

20.     The allegations of paragraph 20 of Plaintiffs' Complaint contain statements of law which do not require an answer.  To the extent that an answer is required, Defendant denies that the Fair Labor Standards Act applies to this action as alleged in this paragraph and further denies any allegations of this paragraph.

21.     Defendant denies the allegations of paragraph 21 of Plaintiffs' Complaint.

22.     Defendant denies that the Federal Labor Standards Act applies to this action as implied by paragraph 22 of Plaintiffs' Complaint and therefore denies the allegations of this paragraph.

23.     Defendant denies the allegations of paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations of paragraph 24 of Plaintiffs' Complaint.

25.     Paragraph 25 of Plaintiffs' Complaint does not contain any allegations of fact, but is a prayer for relief; no answer is required.  To the extent that an answer is required, the allegations of this paragraph are denied.

26.     Paragraph 26 of Plaintiffs' Complaint does not contain any allegations of fact, but is a prayer for relief; no answer is required.  To the extent that an answer is required, the allegations of this paragraph are denied.

27.     Insofar as the Plaintiffs have alleged that they are governed by the auspices of the Fair Labor Standards Act, Defendant denies that they would be appropriate representatives for any of the alleged Putative Plaintiffs (as that term is defined in Plaintiffs' Complaint) for those employees not governed by the FLSA as alleged in paragraph 27 of Plaintiffs' Complaint and state that the Plaintiffs would not be appropriate representatives of any putative plaintiffs, to the extent that any such plaintiffs

exist, which Defendant expressly denies.   Further answering, Defendant denies all remaining allegations of this paragraph.

28.     Paragraph 28 merely incorporates the allegations of previous paragraphs; Plaintiffs' answers to those paragraphs are incorporated herein by reference.

29.     Defendant denies the allegations of paragraph 29 of the Plaintiffs' Complaint.

30.     Defendant admits the allegations of paragraph 30 of Plaintiffs' Complaint, but denies that there are any similarly-situated employees which would justify the application of a collective action under any applicable law.

31.     Paragraph 31 of Plaintiffs' Complaint does not make any allegations, but is a re-statement of Plaintiffs' purported cause of action against Defendant.  Therefore, no answer is required.   To the extent that an answer is required, the allegations of this paragraph are denied.

32.     Defendant denies that it violated any aspect of the Kansas Minimum Wage and Maximum Hours Law as alleged in paragraph 32 of Plaintiffs' Complaint. Answering further, Defendant denies the remaining allegations of this paragraph.

33.     Defendant denies the allegations of paragraph 33 of Plaintiffs' Complaint and further denies that there are any similarly-situated persons that would justify the application of a collective action as alleged in this paragraph.

34.     Paragraph 34 contains a statement of law, which does not require an answer.  To the extent that any answer is required, the allegations of this paragraph are denied.

35.     Paragraph 35 contains a conclusion of law, which does not require an answer.  To the extent that any answer is required, the allegations of this paragraph are denied.  Further answering, Defendant denies that there are any "Putative members" which would justify the application of a collective action as alleged in this paragraph.

36.     Defendant denies the allegations of paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations of paragraph 37 of Plaintiffs' Complaint and re-states that there are no members of any "class" which would render joinder impractical.

38.     Paragraph 38 of Plaintiffs' Complaint purports to offer common questions of law and fact, which require no answer.  To the extent that any answer is required, Defendant denies the allegations of paragraph 38 of Plaintiffs' Complaint and specifically denies that there are any common questions of law or fact applicable to any putative class members, as alleged in the Plaintiffs' Complaint.

39.     Defendant denies the allegations of paragraph 39 of Plaintiffs' Complaint and further denies that there are any persons who qualify as a class for the purposes of Plaintiffs' purported collective action.

40.     Defendant denies the allegations of paragraph 40 of Plaintiffs' Complaint and further denies that there are any persons who qualify as a class for the purposes of Plaintiffs' purported collective action.

41.     Paragraph 41 contains a statement of purported law, which does not require an answer.  To the extent that an answer is required, the allegations of this paragraph are denied.

42.     Defendant denies the allegations of paragraph 42 of Plaintiffs' Complaint and further denies that there are any persons who qualify as a class for the purposes of Plaintiffs' purported collective action.

43.     Defendant denies the allegations of paragraph 43 of Plaintiffs' Complaint and further denies that there are any persons who qualify as a class for the purposes of Plaintiffs' purported collective action.

44.     Defendant denies the allegations of paragraph 44 of Plaintiffs' Complaint and further denies that there are any persons who qualify as a class for the purposes of Plaintiffs' purported collective action.

45.     Any allegations of Plaintiffs' Complaint which have not been expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

46.     Plaintiffs have failed to state a cause of action upon which relief may be granted.

47.     During all times involved in this action, Plaintiffs (including all those purportedly similarly situated) were exempt from the overtime provisions of Section 7 of the Fair Labor Standards Act (29 USCA § 207) by virtue of the provisions of Section 13(b)(1) of the Act (29 U.S.C.A. § 213(b)(1)), for the following reasons:

a.   Defendant is a motor private carrier as defined in 49 U.S.C.A. § 13102.

b.   At all times material to this action, Plaintiffs were engaged in activities affecting safety of operation of defendant's motor vehicles in the transportation on the public highways of property by motor vehicle, which rendered them subject to the power of the Secretary of Transportation to

8

establish qualifications and maximum hours of service pursuant to the provisions of 49 U.S.C.A. § 31502.

48.     Plaintiffs have failed to consent to become party plaintiffs in this action as required by 29 U.S.C.A. § 216(b).

49.     Defendant states that its actions at all times were taken in good faith, and were based upon a reasonable belief that its actions were in compliance with applicable law.

50.     Plaintiffs' Complaint fails to state a cognizable class under U.S.C. § 216, Rule 23 of the Federal Rules of Civil Procedure, or any other applicable rule or law regulating the maintenance of class actions, including but not limited to Plaintiffs' failure to establish that they are similarly situated to any other member of their purported class, and Plaintiffs' failure to establish the requisite numerosity, commonality, typicality of claims and defenses, representative status, and/or standing.

51.     Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined potential opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

52.     Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in and each of Defendant's defenses is required.

53.     Plaintiffs' attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each putative class member and each of Defendant's defenses is required.

54.     Plaintiffs' attempt to pursue this case as a collective action and/or class action violates the Defendant's constitutional rights to a jury trial and to due process.

55.     The claims of Plaintiffs and potential opt-ins are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception.

56.     The claims of Plaintiffs and potential opt-ins are barred as to all hours during which Plaintiffs and potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

57.     Plaintiffs' claims are barred on the grounds that the parties reached an agreement with respect to the manner in which Plaintiffs would be compensated for all hours worked, and Plaintiffs have been compensated consistent with the terms of each such agreement.

58.     Plaintiffs seek relief that is not available under the applicable statutes.

59.     The claims of Plaintiffs and potential opt-ins are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

60.     Plaintiffs and potential opt-ins have failed to mitigate damages, entitlement to which is expressly denied.

61.     Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, because they failed to demand payment.

62.     Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, by the doctrines of waiver and estoppel.

63.     Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, by statutory exemptions of the FLSA and the KMWMHL.

64.    Plaintiffs' alleged damages and the alleged damages of potential opt-ins are subject to the doctrines of payment, mitigation, and offset.

65.    Plaintiffs' claims and the claims of potential opt-ins are barred or subject to offset or reduction to the extent that their wages were intended to compensate them for all hours worked each week, including overtime hours, at a consistent rate of pay that is higher than the hourly rate for comparable employment and with the full understanding and consent of Plaintiffs and any other potential opt-ins.

66.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or other limitations period.

67.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, and laches.

68.    Defendant reserves the right to assert any additional defenses as the same become apparent through the course of this action.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant requests that this Court find that Plaintiffs are entitled to no relief whatsoever, for an order dismissing the Complaint with prejudice, for its costs and fees and for such other and further relief as the Court finds just and appropriate.

## DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFFS

For its counterclaims against Plaintiffs Chris Wilhelm ("Wilhelm") and John Weber ("Weber"), TLC Lawn Care, Inc. ("TLC") states the following

69.    TLC is a Kansas Corporation duly authorized to do business, and doing business, in Johnson County Kansas.

70.    Plaintiff Wilhelm resides in the state of Kansas.

71.     Defendant Weber is a Kansas Resident.

72.     This Court possesses supplemental jurisdiction over this pendant counterclaim pursuant to 28 U.S.C. § 1367.

73.     TLC hired Wilhelm on June 20, 2005 as an applicator and employed him in that capacity until March 2007.

74.     TLC hired Weber on February 3, 2004, as an applicator and employed him in that capacity until March 2007.

75.     Upon information and belief, Wilhelm and Weber left their employment at TLC in the spring of 2007 to engage in business as a competing lawn care company known as "Picture Perfect Lawn, LLC."

76.     Upon information and belief, Wilhelm and Weber, or their agent or agents, formed Picture Perfect Lawn, LLC in February 2007.

## COUNT I
### (Misappropriation of Trade Secrets)

For its first cause of action against Wilhelm and Weber, TLC states the following:

77.     TLC incorporates the allegations of paragraphs 69 through 76 of this Counterclaim as if fully stated herein.

78.     In the course of its business, TLC has developed confidential client and customer lists and pricing techniques which are not generally known to, and are not reasonably ascertainable by, the public.

79.     In their employment at TLC, Wilhelm and Weber necessarily obtained and received TLC's confidential trade secrets in confidence.

80.     Upon their departure from TLC, Wilhelm and Weber used TLC's trade secret information for their own pecuniary gain and to the detriment of TLC.

81.     Additionally, Wilhelm and Weber each used improper means to disclose or misappropriate DDS's trade secrets and Proprietary Information to third parties, including without limitation, Picture Perfect Lawn, LLC.

82.     Wilhelm's and Weber's misappropriation of TLC's trade secrets was willful and malicious and entitles TLC to its attorneys' fees in this action.

83.     TLC has suffered damages in excess of $75,000 as a result of Wilhelm's and Weber's misappropriation.

WHEREFORE, TLC requests that this Court find in its favor and against Plaintiff's Wilhelm and Weber for their misappropriation of trade secrets in an amount exceeding $75,000.00; for their costs; for their reasonable attorneys' fees pursuant to K.S.A. 60-3323; for pre- and post-judgment interest; and for any and all other relief that the Court finds just and necessary.

## COUNT II
(Breach of Duty of Loyalty)

For its second cause of action against Plaintiffs Wilhelm and Weber, Defendant TLC states the following:

84.     TLC incorporates the allegations of paragraphs 69 through 83 of this Counterclaim as if fully stated herein.

85.     During their term of employment with TLC, Wilhelm and Weber owed TLC a duty of loyalty to act solely for the benefit of TLC in all matters connected with the scope of their employment.

86.     By dealing with TLC as an adverse party in transactions connected with the scope of their employment at TLC, Wilhelm and Weber breached their duties of loyalty to TLC.

87.     Wilhelm and Weber also breached their duties of loyalty to TLC after their employment ended by using, for their own account or for the account of their employer and in competition with TLC, confidential matters given to them by TLC only for their use while employees of TLC.

88.     As a result of Wilhelm's and Weber's breaches of their respective duties of loyalty, TLC has been damaged in an amount exceeding $75,000.00.

WHEREFORE, TLC requests that this Court find in its favor and against Plaintiff's Wilhelm and Weber for their breaches of their respective duties of loyalty in an amount exceeding $75,000.00; for their costs; for their reasonable attorneys' fees; for pre- and post-judgment interest; and for any and all other relief that the Court finds just and necessary.

## COUNT III
(Civil Conspiracy)

For its third cause of action against Plaintiffs Wilhelm and Weber, Defendant TLC states the following:

89.     TLC incorporates the allegations of paragraphs 0 through 88 of this Counterclaim as if fully stated herein.

90.     Wilhelm and Weber each intended to disclose or misappropriate TLC's trade secret information and worked closely together to disclose, use and/or misappropriate such information for their own pecuniary benefit.

91.     Wilhelm and Weber actually misappropriated, used and/or disclosed TLC trade secret information.

92.     As a proximate result of Wilhelm and Weber's concerted actions, TLC was damaged in an amount exceeding $75,000.00.

WHEREFORE, TLC requests that this Court find in its favor and against Plaintiffs Wilhelm and Weber, jointly and severally, for their civil conspiracy in an amount in excess of $75,000.00; for their costs; for their reasonable attorneys' fees; for pre- and post-judgment interest; and for any and all other relief that the Court finds just and necessary.

## COUNT IV
(Breach of Fiduciary Duty)

For its fourth cause of action against Plaintiffs Wilhelm and Weber, Defendant TLC states the following:

93.     TLC incorporates the allegations of paragraphs 0 through 92 of this Counterclaim as if fully stated herein.

94.     As employees of TLC, Wilhelm and Weber owed TLC a fiduciary duties not to act as or on account of an adverse party relating to the subject matter of their employment without TLC's consent and to deal fairly with TLC in all transactions between them.

95.     Upon information and belief, Wilhelm and Weber are believed to have competed with TLC during their term of employment without TLC's knowledge or consent.

96.     Upon information and belief, Wilhelm and Weber are also believed to have solicited customers of TLC in order to compete with TLC and to also use confidential and proprietary information supplied to them by TLC during the course of their employment.

97.     As a result, Wilhelm and Weber have breached their fiduciary duties to TLC and have caused TLC damages in excess of $75,000.00.

WHEREFORE, TLC requests that this Court find in its favor and against Plaintiffs Wilhelm and Weber, jointly and severally, for their breach of fiduciary duties amount in excess of $75,000.00; for their costs; for their reasonable attorneys' fees; for pre- and post-judgment interest; and for any and all other relief that the Court finds just and necessary.

## COUNT V
### (Accounting)

For its fifth cause of action against Plaintiffs Wilhelm and Weber, Defendant TLC states the following:

98.     TLC incorporates the allegations of paragraphs 0 through 97 of this Counterclaim as if fully stated herein.

99.     During the term of their employment at TLC, Wilhelm and Weber had a duty not to compete with TLC for their own account on matters relating to the scope of their employment.

100.    After their employment at TLC ended, Wilhelm and Weber each possessed a continuing duty not to use or disclose, on their own account or on account of others, in competition with TLC or to its injury, any of TLC's trade secrets or proprietary information.

101.    TLC is entitled to an accounting of all profits made by Wilhelm and Weber in violation of their duties to TLC.

WHEREFORE, TLC Lawn Care, Inc. requests that this Court issue an order which requires Plaintiffs Wilhelm and Weber to fully and completely account for any and all profits made in violation of their duties to TLC, both before and after the termination

of their employment at TLC; and for any and all other relief that this Court may find just

and reasonable.

## JURY DEMAND

Defendant and counterclaim plaintiff TLC Lawn Care, Inc., by and through its

counsel of record, hereby demands a trial by jury of all issues so triable herein.

DUGGAN, SHADWICK, DOERR
& KURLBAUM, P.C.

By:    s/ Eric G. Kraft
     Eric G. Kraft, # 19274
     11040 Oakmont
     Overland Park, Kansas 66210
     ekraft@kc-dsdlaw.com
     Tele: (913) 498-3536
     Fax:  (913) 498-3538
     *Attorneys for Defendant, TLC Lawn Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2007, a true and correct copy of the above and foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael F. Brady
Michael Hodgson
The Law Offices of Michael F. Brady
10901 Lowell, Ste. 280
Overland Park, KS 66210
*Attorneys for Plaintiffs*

And a copy of the above and foregoing was also sent via U.S. Mail, first class and postage prepaid to:

Not applicable

      s/ Eric G. Kraft
     Attorneys for Defendant
     TLC Lawn Care, Inc.