IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHRIS WILHELM, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 07-2465-KHV |
| | ) | |
| TLC LAWN CARE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Chris Wilhelm and John Weber bring suit against TLC Lawn Care, Inc. ("TLC"), on behalf

of themselves and others similarly situated seeking recovery of unpaid overtime under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Kansas Minimum Wage And Maximum

Hours Law ("KMWMHL"), K.S.A. § 44-1201 et seq.  This matter comes before the Court on

Plaintiffs' Motion To Strike And Motion For More Definite Statement (Doc. #8) filed November 21,

2007.  For reasons stated below, the Court overrules the motion.

**I.      Motion To Strike**

In its answer to plaintiffs' complaint, defendant asserts numerous affirmative defenses.  See

Defendant TLC Lawn Care, Inc.'s Answer To Plaintiffs' Complaint And Counterclaim Against

Plaintiffs Chris Wilhelm And John Weber (Doc. #4) filed November 1, 2007 ¶¶ 46-68.  Plaintiffs ask

the Court to strike the affirmative defenses which assert that (1) "[p]laintiffs have failed to state a

cause of action upon which relief may be granted," id. ¶ 46; (2) "its actions at all times were taken

in good faith, and were based upon a reasonable belief that its actions were in compliance with

applicable law," id. ¶ 49; (3) "[p]laintiffs' attempt to pursue this case as a collective action fails

because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in and each of Defendant's defenses is required," id. ¶ 52; (4) "[p]laintiffs' attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each putative class member and each of Defendant's defenses is required," id. ¶ 53; (5) "[p]laintiffs' attempt to pursue this case as a collective action and/or class action violates the Defendant's constitutional rights to a jury trial and to due process," id. ¶ 54; (6) "[t]he claims of Plaintiffs and potential opt-ins are barred as to all hours during which Plaintiffs and potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities," id. ¶ 56; (7) "[p]laintiffs' claims are barred on the grounds that the parties reached an agreement with respect to the manner in which Plaintiffs would be compensated for all hours worked, and Plaintiffs have been compensated consistent with the terms of each such agreement," id. ¶ 57; (8) "[t]he claims of Plaintiffs and potential opt-ins are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge," id. ¶ 59; (9) "[p]laintiffs and potential opt-ins have failed to mitigate damages, entitlement to which is expressly denied," id. ¶ 60; (10) "[p]laintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, by the doctrines of waiver and estoppel," id. ¶ 62; (11) "[p]laintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or other limitations period," id. ¶ 66; and (12) "[p]laintiffs' claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, and laches," id. ¶ 67.

Rules 8(b) and (c), Fed. R. Civ. P., govern the sufficiency of affirmative defenses under the notice pleading system, instructing that defendant must affirmatively state such defenses "in short and plain terms." In other words, an affirmative defense must set forth a short and plain statement of the nature of the defense, including a short and plain statement of the facts. Sprint Commc'ns Co. v. TheGlobe.com, Inc., 233 F.R.D. 615, 618 (D. Kan. 2006). Rule 8 is intended to give the opposing

-2-

party fair notice of the claim and the grounds upon which it rests.  Id.

Under Rule 12(f), Fed. R. Civ. P., the Court may strike any insufficient defense.  A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances.  Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc., 838 F. Supp. 1448, 1450 (D. Kan. 1993).  Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.  Resolution Trust Corp. v. Fleischer, 835 F. Supp. 1318, 1320 (D. Kan. 1993).  The Court should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.  Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp.2d 1092, 1101 (D. Kan. 2007).  A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy.  CSU Holdings, Inc. v. Xerox Corp., No. 94-2102, 1995 WL 261158, at *1 (D. Kan. April 5, 1995).

Initially, the Court notes that plaintiffs have not argued that they may be prejudiced by the mere assertion of any affirmative defense which defendant asserts.  For this reason alone, plaintiffs' motion to strike is without merit.  Without a showing of prejudice, the Court gives leeway to defendant in affirmatively pleading theories which do not actually constitute affirmative defenses.  See Sender v. Mann, 423 F. Supp.2d 1155, 1163 (D. Colo. 2006) (benefit of doubt given to pleader when erring on side of caution in labeling argument as affirmative defense).  Moreover, after reviewing each of plaintiffs' objections, the Court is not convinced that any affirmative defense is so utterly implausible that it cannot succeed under any circumstances. Many of plaintiffs' arguments lack authority.  Those arguments which are legally supported are limited to the FLSA and do not prove that the affirmative defenses are not applicable to the KMWMHL.

Plaintiffs also argue that certain affirmative defenses are unsupported on the facts of the case, but the Court will not resolve factual disputes on the motion to strike.  See Resolution Trust Corp.

v. Thomas, No. 92-2084-GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995) (fact question prevents court from striking affirmative defense).  Under these circumstances, the Court will not strike any of defendant's affirmative defenses.

**II.     Motion For More Definite Statement**

In the alternative to its motion to strike, plaintiffs seek more definite statements of several of the affirmative defenses listed above.  Under Rule 12(e), Fed. R. Civ. P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Defendant argues that its answer is not subject to the motion for more definite statement because it is not a pleading to which a responsive pleading is permitted.  Under the Federal Rules of Civil Procedure, plaintiffs may not reply to an answer as a matter of right.  See Fed. R. Civ. P. 7(a)(7) (plaintiff may file reply to answer only by court order).  In fact, outside of a reply to counterclaims, "a reply to an answer ordinarily is unnecessary and improper in federal practice."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1185 (3d ed. 2004).  Here, the Court has not granted plaintiffs leave to reply to defendant's answer – including the affirmative defenses – which means that the answer is not a pleading to which a responsive pleading is allowed under Rule 12(e).  See Ramos Oil Recyclers, Inc. v. AWIM, Inc., No. 2:07-cv-00448-GEB-DAD, 2007 WL 2345014, at *4 (E.D. Cal. Aug. 16, 2007) (denying motion for more definite statement of affirmative defenses because no responsive pleading permitted); Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res., 313 F. Supp.2d 648, 653 (N.D. Tex. 2004) (Rule 12(e) inapplicable where court does not order responsive pleading to answer and affirmative defenses).  For this reason, the Court overrules plaintiffs' motion for more definite statement.

Even if the Court considered the substance of plaintiffs' motion, it is not well taken.  Motions

-4-

for more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response. Advantage Homebuilding, LLC v. Assurance Co. of Am., No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004) (citing Resolution Trust Corp. v. Thomas, 837 F. Supp. 254, 355 (D. Kan. 1993)).  The critical question is whether the allegations are sufficiently specific to enable a responsive pleading in the form of an admission or denial.  Id.  Even if the Court granted plaintiffs leave to reply to defendant's answer, the Court is confident that without difficulty, plaintiffs could generally deny the affirmative defenses which defendant has asserted.  Under these circumstances, more definite statements of the affirmative defenses are not required.

**IT IS THEREFORE ORDERED** that  Plaintiffs' Motion To Strike And Motion For More Definite Statement (Doc. #8) filed November 21, 2007 be and hereby is **OVERRULED**.

Dated this 19th day of February, 2008 at Kansas City, Kansas.

s/  Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge