# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRIS WILHELM, et al.,                    )
                                          )
                    Plaintiffs,           )          CIVIL ACTION
                                          )
v.                                        )          No. 07-2465-KHV
                                          )
TLC LAWN CARE, INC.,                      )
                                          )
                    Defendant.            )
_____   )

## MEMORANDUM AND ORDER

Chris Wilhelm and John Weber bring suit against TLC Lawn Care, Inc. ("TLC"), on behalf of themselves and others similarly situated seeking recovery of unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Kansas Minimum Wage And Maximum Hours Law, K.S.A. § 44-1201 et seq.  TLC asserts counterclaims under the Kansas Uniform Trade Secrets Act ("KUTSA"), K.S.A. § 60-3320 et seq., for (1) misappropriation of trade secrets; (2) breach of the duty of loyalty; (3) civil conspiracy; (4) breach of fiduciary duty; and (5) accounting of profits.  This matter comes before the Court on Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Doc. #6) filed November 21, 2007.  For reasons stated below, the Court sustains the motion.

## Analysis

Plaintiffs argue that the Court should dismiss TLC's counterclaims because (1) the Court lacks subject matter jurisdiction, and (2) the economic loss doctrine bars the counterclaims.  Lack of subject matter jurisdiction is dispositive of the counterclaims.

Rule 12(b)(1), Fed. R. Civ. P., governs the motion to dismiss for lack of subject matter

jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the pleading or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge, the district court must accept the allegations of the pleading as true. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). As courts of limited jurisdiction, the law imposes a presumption against the jurisdiction of federal district courts, Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999), and such courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).

As noted above, TLC brings its counterclaims under Kansas law. The Court may, in its discretion, exercise supplemental jurisdiction over state law counterclaims which are sufficiently related to a pending federal claim. Paper, Allied, Chem. & Energy Workers Int'l Union, Local 5-508, AFL-CIO v. Slurry Explosive Corp., 107 F. Supp.2d 1311, 1327 (D. Kan. 2000). Specifically, 28 U.S.C. § 1367(a) allows a court to exercise supplemental jurisdiction over claims which do not fall within the court's original jurisdiction where those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Section 1367(a) requires federal and state law claims to derive from a common nucleus of operative fact.[1]

---

[1]        Some courts determine supplemental jurisdiction over counterclaims based on whether the counterclaim is compulsory or permissive under Rule 13, Fed. R. Civ. P. See, e.g., Adamson v. Dataco Derex, Inc., 178 F.R.D. 562, 564 (D. Kan. 1998) (whether court has jurisdiction over counterclaim depends on whether counterclaim is permissive or compulsory); Naranjo v. County of Rio Arriba, 862 F. Supp. 328, 334 (D.N.M. 1994) (for counterclaim to form part of same case or controversy under Section 1367(a), it must be compulsory rather than permissive). Compulsory counterclaims "arise[] out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Any counterclaim which does not arise out of the same transaction or occurrence as the opposing claim is a permissive counterclaim. Fed. R. Civ. P. 13(b).

(continued...)

See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65 (1997) (Section 1367(a) codified principle that federal and state law claims which arise from common nucleus of operative facts constitute single case); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (supplemental jurisdiction authorizes federal court to hear federal and state claims which share a common nucleus of operative fact such that all claims would ordinarily be expected to be tried in one judicial proceeding).

Plaintiffs argue that the Court cannot exercise supplement jurisdiction over the state law counterclaims – which involve allegations of unfair competition – because they do not derive from a common nucleus of operative fact with the FLSA claim – which involves allegations of unpaid

---

[1](...continued)
Here, the parties do not argue whether defendant asserts compulsory or permissive counterclaims. Instead, they apply the general test for supplemental jurisdiction, i.e. whether the federal and state claims share a common nucleus of operative fact. Since Congress enacted Section 1367 in 1990, the Tenth Circuit has not determined whether supplemental jurisdiction over counterclaims depends on the compulsory/permissive distinction. The Tenth Circuit has, however, recognized that Section 1367(a) codified the common nucleus of operative fact test. See Shaw v. AAA Eng'g & Drafting Inc., 138 Fed. Appx. 62, 70 (10th Cir. 2005) (Section 1367(a) codified principle that original jurisdiction carries with it jurisdiction over state law claims which derive from common nucleus of operative fact). Because the parties apply the common nucleus of operative fact test which the Tenth Circuit has approved, the Court considers its jurisdiction over defendant's counterclaims under that test.

Although the Court applies the common nucleus test, it notes that its resolution of the motion would not change if it used the compulsory/permissive distinction to determine its subject matter jurisdiction. Under the compulsory/permissive distinction, courts may only exercise supplemental jurisdiction over compulsory counterclaims which, by definition, arise from the same transaction or occurrence as the underlying federal claim. See Williams v. W. Laundry Equip. LLC, No. CIV-06-0569, 2006 WL 4061164, at *5-6 (D.N.M. Nov. 21, 2006) (compulsory counterclaim within court's supplemental jurisdiction; permissive counterclaim requires independent basis of jurisdiction). Here, the only connection which defendant identifies between plaintiffs' FLSA claim and its counterclaims is the parties' employment relationship. This relationship alone does not render the counterclaims compulsory. See Adamson, 178 F.R.D. at 566 (where only logical relation between claim and counterclaim is employment relationship, counterclaim does not arise out of same transaction or occurrence as claim). Under the theory that the Court cannot exercise supplemental jurisdiction over a permissive counterclaim, the Court would therefore dismiss defendant's counterclaims.

overtime.  TLC responds that the employment relationship between it and plaintiffs is sufficient by itself to create a common nucleus of operative fact.  In support of this argument, TLC cites Jones v. Ford Motor Credit Co., 358 F.3d 205 (2d Cir. 2004), and Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379 (7th Cir. 1996).  These cases are not persuasive.

In Jones, purchasers of Ford vehicles through Ford's financing plan filed suit under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., alleging that the financing plan discriminated against them by allowing dealers to subjectively mark up the interest rate of their loans.  358 F.3d at 207.  Ford Motor Credit Company filed state law counterclaims for the amounts of plaintiffs' unpaid loans.  Id. at 207-08.  In considering whether the district court had supplemental jurisdiction over the counterclaims, the Second Circuit found that the factual relationship between the claims and counterclaims was sufficient for purposes of Section 1367(a) because both the claims and the counterclaims originated from plaintiffs' decisions to purchase Ford vehicles.  Id. at 213-14.

In Channell, vehicle lessees filed suit under the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667e, alleging that Citicorp unlawfully calculated unearned interest after early termination of their leases.  89 F.3d at 380.  Citicorp filed a counterclaim seeking judgment for the contractual termination payments under plaintiffs' leases.  Id. at 384.  To determine whether supplemental jurisdiction existed over the counterclaim under 1367(a), the Seventh Circuit required a "loose factual connection" between the claims and counterclaim.  Id. at 385.  In finding supplemental jurisdiction over the counterclaim, the Seventh Circuit noted that the counterclaim and each claim arose out of the same clause of the lease agreement and that the signing and termination of the leases were integral to all causes of action.  Id. at 385-86.

Neither Jones nor Channell stands for the proposition that an employment relationship – by

-4-

itself – creates a sufficient factual connection between a federal claim and an otherwise unconnected state law counterclaim so that the Court may exercise supplemental jurisdiction over the counterclaim.  In fact, <u>Jones</u> and <u>Channell</u> considered claims and counterclaims premised on contractual agreements; those cases did not involve employment relationships at all.  <u>Channell</u> is particularly unpersuasive because the Seventh Circuit applied a "loose factual connection" test which is seemingly less stringent than the "common nucleus" test, <u>see</u> <u>Mason v. Richmond Motor Co.</u>, 625 F. Supp. 883, 887 (E.D. Va. 1986) ("loose connection" connotes mere commonality of facts which is not synonymous with "common nucleus"), and which the Tenth Circuit has not adopted, <u>see</u> <u>Shaw</u>, 138 Fed. Appx. at 70 (1367(a) codified common nucleus of operative fact principle).

In the context of the FLSA, several courts have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims.  <u>See, e.g.</u>, <u>Lyon v. Whisman</u>, 45 F.3d 758, 762-64 (3d Cir. 1995) (where employment relationship is only link between FLSA claim and state law claims, no common nucleus of operative fact exists and Article III bars supplemental jurisdiction); <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F. Supp.2d 381, 395 (E.D.N.Y. 2007) (employment relationship insufficient to create common nucleus of operative fact where it is sole fact connecting FLSA claim to state law claims); <u>Hyman v. WM Fin. Servs., Inc.</u>, No. 06-CV-4038, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) (exercising supplemental jurisdiction over state law claims unrelated to FLSA claim "would likely contravene Congress's intent in passing the FLSA"); <u>Whatley v. Young Women's Christian Assoc. of Nw. La., Inc.</u>, No. 06-423, 2006 WL 1453043, at *3 (W.D. La. May 18, 2006) (general employer-employee relationship does not create common nucleus of operative fact between FLSA claim and state law claims); <u>Kirby v. Tafco Emerald Coast, Inc.</u>, No. 3:05CV341,

2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006) (state law counterclaims for breach of contract and failure to repay promissory note do not share common nucleus of operative fact with FLSA claim where only factual connection is business relationship of the parties).  Given the factual similarity between these cases and the immediate case, the Court finds these decisions much more persuasive than Jones and Channell.  In Lyon, the Third Circuit considered whether supplemental jurisdiction existed over state law claims when plaintiff asserted a claim for unpaid overtime under the FLSA and "[t]he only link between [the federal and state claims was] the general employer-employee relationship between the parties."  45 F.3d at 762.  It noted that plaintiff's FLSA claim for unpaid overtime involved "very narrow, well-defined factual issues about hours worked during particular weeks."  Id. at 763.  Because the court found very little overlap in the evidence relevant to the FLSA claim and the state law contract and tort claims, it concluded that the claims did not share a common nucleus of operative fact which would justify the exercise of supplemental jurisdiction.  Id.  In sum, the Third Circuit found "virtually no support" for the broad proposition that an employment relationship alone is sufficient to confer supplemental jurisdiction.  Id. at 762.

Here, plaintiffs' FLSA claim is an equally narrow and well defined claim for unpaid overtime.  Like the Third Circuit in Lyon, the Court finds very little overlap in the evidence relevant to plaintiffs' FLSA claim and the evidence relevant to defendant's counterclaims for misappropriation of trade secrets, breach of the duty of loyalty, civil conspiracy, breach of fiduciary duty and accounting of profits.  No counterclaim is concerned with the number of hours which plaintiffs worked per week or whether they received proper compensation for their overtime.  In fact, many of the counterclaims involve post-employment conduct, which undermines the existence of a common

-6-

nucleus of operative fact.[2]  See Rivera, 497 F. Supp.2d at 394-95 (finding no common nucleus of operative fact between FLSA claim for unpaid overtime and state law claims where "majority of the events surrounding plaintiff's remaining state law claims occurred after plaintiff stopped working overtime").  Because defendant relies solely on its employer-employee relationship with plaintiffs to support supplemental jurisdiction, and does not identify a more specific factual connection between its counterclaims and plaintiffs' FLSA claim, the Court cannot find a common nucleus of operative fact between the causes of action which would permit it to exercise supplemental jurisdiction over defendant's state law counterclaims.  The Court therefore finds that the counterclaims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Doc. #6) filed November 21, 2007 be and hereby is **SUSTAINED**.

Dated this 6th day of March, 2008 at Kansas City, Kansas.

s/  Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2]  The misappropriation of trade secrets and civil conspiracy counterclaims arise entirely from events which occurred after plaintiffs stopped working for defendant.  See Defendant TLC Lawn Care, Inc.'s Answer To Plaintiffs' Complaint And Counterclaim Against Plaintiffs Chris Wilhelm And John Weber (Doc. #4) filed November 1, 2007 ¶¶ 80, 90-91.  The counterclaims for breach of the duty of loyalty and accounting of profits also rely in part on post-employment conduct.  See id. ¶¶ 87, 100.