UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| CHRIS WILHELM and JOHN WEBER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION |
| TLC LAWN CARE, INC., | ) ) | No. 07-2465-KHV |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on <u>Plaintiffs' Motion for Attorney Fees and Non-Taxable Expenses</u> (Doc. # 39) filed July 25, 2008. On November 4, 2008 the Court entered an order to strike the memorandum in support of plaintiff's motion because plaintiffs had not filed the statement of consultation required by D. Kan. Rule 54.2. On November 11, with leave of Court, plaintiffs filed the required <u>Statement of Consultation</u> (Doc. # 57) and re-filed the memorandum in support of their motion. Defendant responded, plaintiffs replied and plaintiffs' motion is now ripe.

**Factual and Procedural Background**

TLC Lawn Care, Inc. ("TLC") employed plaintiffs Chris Wilhelm and John Weber as hourly employees. In October 2007, plaintiffs brought a "wage and hour" suit against TLC, claiming that they regularly worked off the clock more than 40 hours per week without overtime compensation, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (2008) ("FLSA").

In May of 2008, while its summary judgment motion was pending, TLC made offers of judgment to both plaintiffs. Plaintiffs accepted the offers and the parties agreed that TLC would pay plaintiffs' attorneys fees "either as mutually agreed by counsel for the parties or as

determined by the Court to be due under the legal principles governing attorneys' fees awards under FLSA Section 16(b)". See <u>Notice of Defendant TLC Lawn Care, Inc.'s Offers of Judgment to Plaintiffs John Weber and Chris Wilhelm</u> (Doc. # 30) filed May 2, 2008; <u>Notice of Acceptance of Offer of Judgment for Plaintiff Chris Wilhelm</u> (Doc. # 33) filed May 27, 2008; and <u>Notice of Acceptance of Offer of Judgment for Plaintiff John Weber</u> (Doc. # 34) filed May 27, 2008. On June 11, 2008, the Court entered judgment of $928.00 in favor of Wilhelm and $1,008.50 in favor of Weber. On or about June 24, 2008, Michael Brady (counsel for plaintiffs) provided Eric Kraft (counsel for TLC) a spreadsheet of time and expenses, and requested $71,721.75 for fees and costs. Between July 1 and November 6, 2008, counsel conferred but could not agree on an attorneys' fee award. The task therefore falls to the Court.

On July 25, 2008, plaintiffs filed a motion seeking $66,301.15 in statutory attorneys' fees and expenses pursuant to Fed. R. Civ. P. 54(d)(2) and 29 U.S.C. § 216(b). In the reply memorandum in support of their motion for fees, plaintiffs reduce their request by $2,048.50, to $64,252.65.

## **Analysis**

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." <u>See, e.g.</u> <u>Gray v. Phillips Petroleum Co.</u> 971 F.2d 591, 593 (10th Cir. 1992) (quoting 29 U.S.C. 216(b)). For purposes of attorneys' fees, plaintiff is considered a "prevailing party" if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing suit. <u>Jackson v. Austin</u>, 267 F.2d 1059, 1063 (D. Kan. 2003). The parties do not dispute that plaintiffs are "prevailing parties." Though the court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. <u>Wright v. U-Let-Us Skycap Serv., Inc.</u>, 648 F. Supp. 1216, 1218 (D. Colo. 1986).

The presumptively reasonable attorneys' fee is the product of reasonable hours times a reasonable rate, which yields a "lodestar" figure that is subject to adjustment. <u>Jackson</u>, 267

F.2d at 1063-1064.  Plaintiffs bear the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  Id. (citing Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998)).

**I.     Hours Reasonably Spent**

To calculate the lodestar, the Court first considers the hours reflected in the billing statements which plaintiffs submitted in support of their fee application.  Giesmann v. Aestheticare, No. 07-2757-KHV, 2008 WL 2549009, *1 (D. Kan., June 24, 2008).  The Court examines the hours reasonably spent by plaintiffs' attorneys, both considering the billing judgment of the attorneys and examining each time entry to determine whether the time spent on that task was reasonable.  Id.  Billing judgment consists of winnowing the hours *actually* expended to hours *reasonably* expended.  Lintz v. Am. Gen. Finance, Inc., 87 F. Supp. 2d. 1161, 1165 (D. Kan. 2000) (quoting Case, 157 F.3d at 1250) (emphasis added).  First, the Court examines whether specific tasks are properly chargeable at all, because hours which an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party.  Id.  The Court then examines the hours expended on each task to determine if they are reasonable.  Id.

Plaintiffs' attorneys of record are Michael F. Brady and Michael Hodgson of Brady & Associates.  Plaintiffs have submitted affidavits from both Brady and Hodgson verifying the hours they spent working on this case (42.58[1] hours for Brady and 116.52 hours for Hodgson). Plaintiffs have also submitted affidavits from Heather Lake and Matthew Osman, attorneys from Brady & Associates who worked on the case but did not enter appearances.[2]  Plaintiffs initially sought 86.51 hours for Lake and 46.74 hours for Osman, for a total of 292.35 hours.

---

[1]     Plaintiffs' counsel bill to the *hundredth* of the hour.

[2]     Lake is admitted to practice in the District of Kansas.  Osman was admitted to the Missouri bar in September of 2007 but plaintiffs purport to bill his time at law clerk rates.

Plaintiffs' initial request contained reporting errors, however, so plaintiffs later reduced Brady's hours by 3.83, Lake's by 2.00 and Osman's by 2.83.  With those reductions, plaintiffs seek 38.75 hours for Brady, 116.52 hours for Hodgson, 84.51 hours for Lake and 43.91 hours for Osman.  Altogether, plaintiffs claim 283.69 hours of billed time.  TLC argues that these hours are unreasonable because they (1) do not reflect proper billing judgment; (2) include work that was not related to prosecuting their FLSA claim; (3) include work on motions that were overruled or never filed; and (4) have been "block billed."

### A.  Billing Judgment

TLC argues that plaintiffs' attorneys have not exercised proper billing judgment because they (1) do not justify the time spent on particular tasks and (2) fail to cut duplicative entries.  After thoroughly reviewing the billing statement, the Court agrees that plaintiffs' attorneys have billed hours which should have been trimmed in the proper exercise of billing judgment.  Specifically, the billing statement includes intra-office communications between Brady, Hodgson, Lake and/or Osman for which more than one attorney billed time.[3]  This duplication justifies a reduction in the claimed fees.  Giesmann, 2008 WL 2549009 at *2.  The billing statement further reflects duplication of effort with regard to review and preparation of court orders and other documents, as well as tasks such as conferring with opposing counsel.[4]  The Court disregards 9.25 hours for these efforts.[5]

---

[3] As noted, plaintiffs acknowledge that 5.66 hours should have been cut to reflect only one attorney's time on joint activities.

[4] For example, on December 28, 2007 both Hodgson and Lake billed 1.00 hour for conferring with defense counsel and both Brady and Hodgson billed time to prepare for a Rule 16 scheduling conference. On May 5 and 6, 2008, Hodgson and Osman bill 2.75 hours on a two-page agreed-upon motion for extension of time.

[5] The Court disregards 3.25 hours for Brady, 3.5 hours for Hodgson, 1.5 hours for Lake and 1.0 hours for Osman.

### B. Work Unrelated to Plaintiff's FLSA Claim.

TLC argues that the billing statement includes fees for work which was not related to plaintiffs' FLSA action.

#### 1. Work on Motion to Dismiss

TLC objects to the time which plaintiffs' counsel spent on a motion to dismiss the TLC counterclaims, claiming that the counterclaims were separately maintainable and could have been brought in a separate action. This argument is without merit. TLC injected the separately maintainable counterclaims into this action, and plaintiffs' counsel properly billed time to prepare a successful motion to dismiss them.[6]

#### 2. Work related to class certification

TLC complains that plaintiffs' counsel improperly billed 4.33 hours for class certification work despite the fact that plaintiffs never sought certification or collective action status. The Court agrees and disallows the time.[7]

---

[6] Many of the time entries which reflect work on plaintiffs' motion to dismiss are "block billed" to include time spent on more than one task. For example, on January 17, 2008 Hodgson billed 2.5 hours to "Review reply to Motion to Dismiss/Strike." Though plaintiffs complain that TLC "double counted" plaintiffs' time entries as disallowable for more than one reason, they made no effort to rebut TLC's categorizations or to clarify these vague time entries. Accordingly, plaintiffs' counsel have not carried their burden to properly document the hours expended working on this case, and to the extent a particular time entry is disallowed for any purpose, the entire time entry is disallowed.

[7] The Court disallows 1.00 hour for Brady and 3.33 hours for Lake. The Court realizes that because the potential for recovery is often small in FLSA actions, the prospect of a class or collective action makes such cases more attractive to attorneys. Nonetheless, an attorney would presumably not bill a named plaintiff for work on class or collective action matters when the attorney never sought class certification or collective action status. Accordingly, under the principle that hours which an attorney would not properly bill to his client may not be billed to the adverse party, the time spent by plaintiffs' counsel on class and collective action work is disallowed. Plaintiffs' counsel apparently continue to work on behalf of other potential plaintiffs, because they acknowledge the lack of detail in their billing entries and attempt to justify it by arguing that other employees of TLC's have suffered the same kinds of losses and that their future trial strategy might be compromised if counsel identify the legal issues researched in this case. See Plaintiff's Reply Memorandum in Further Support of Their Motion for Attorney Fees and Non-Taxable Expenses, (Doc. #61) at 16.

### 3. Work otherwise unidentifiable

TLC complains that plaintiffs' time statements include entries which are too vague to include in the final lodestar calculation. Plaintiffs again do not rebut TLC's characterization.[8] The Court agrees that the time entries are vague and should be disallowed. Accordingly, the Court disregards 23.1 hours.[9]

### C. Work on motions that were overruled or never filed

TLC argues that plaintiffs should not be permitted to recover fees for 68.01 hours which their attorneys spent preparing an unsuccessful <u>Motion to Strike and for a More Definite Statement</u>, (Doc. #8) filed November 21, 2007. The motion sought to have defendant's affirmative defenses stricken or clarified. On February 19, 2008 the Court overruled the motion. <u>See</u> <u>Order on Motion to Strike</u>, (Doc. #16) at 4. The Court agrees that the time spent on the motion to strike is not properly included in the lodestar, <u>see</u> <u>e.g.</u> <u>Lintz</u>, 87 F. Supp. 2d at 1166, and disregards it.[10]

TLC further argues that plaintiffs should not be permitted to recover fees for 21.75 hours spent in response to TLC's summary judgment motion because plaintiffs never filed the response. This argument is without merit. TLC made offers of judgment before plaintiffs' summary judgment response deadline had passed. Plaintiffs accepted the offers of judgment and properly abandoned the summary judgment response. As with the motion to dismiss, TLC

---

[8] Rather than filing an affidavit or declaration to clarify or rebut TLC's contentions, plaintiffs' counsel filed a 20-page reply which suggests that vague time descriptions are acceptable because defendants should know what they mean. Plaintiffs' fee application, however, is pending before the *Court*. To the extent plaintiffs' counsel elected not to "burden" the Court with the "minutest detail of every activity performed," they did so at their own risk.

[9] The Court disregards 0.5 hours for Brady, 7.34 hours for Hodgson, 14.59 hours for Lake and 0.67 hours for Osman.

[10] The Court disregards 18.84 hours for Hodgson, 31.51 hours for Lake and 17.66 hours for Osman.

filed the motion for summary judgment and plaintiffs' counsel properly billed time to research and prepare a response to it. Id.

### D. Block Billing and Excessive Time

TLC argues that plaintiffs' attorneys have not exercised proper billing judgment because they have billed substantially more hours than should have been necessary for a case of this type and complexity which lasted only eight months. Specifically, TLC complains that plaintiffs' counsel billed substantially more hours to this matter than have been billed in other published FLSA cases.[11] TLC further argues that plaintiffs' use of block billing and non-specific billing further justifies reducing plaintiffs' requested hours.[12] "Block billing" is the practice of lumping multiple tasks into a single entry of time such that the billing entry does not delineate how hours were allotted to specific tasks. Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214-15 (10th Cir. 1998). The Tenth Circuit discourages block billing, id., and if the party demanding fees has submitted records which include block billing, the Court can account for the difficulty it causes by applying a general reduction to the requested fees. See Okla. Natural Gas Co., 355 F. Supp. 2d 1246, 1264 (N. D. Okla. 2004).

While the Court declines TLC's invitation to wholly disallow plaintiffs' fee request for

---

[11] See Luther v. Wilson, 528 F. Supp. 1166 (S. D. Ohio 1981) (attorney submitted 238.5 hours which court reduced to 234.5 for FLSA case taken through trial); Heder v. City of Two Rivers, 255 F. Supp. 2d 947 (E. D. Wis. 2003) (attorney submitted 214.3 hours for FLSA case taken through appeal); Cox v. Brookshire Groc. Co., 919 F.2d 354 (5th Cir. 1990) (affirming reduction of attorney's hours from 300 to 80); see also Zhou v. Wang's Restaurant, No. C05-0279-PUT, 2007 WL 2298046 (N. D. Cal. 2007) (two FLSA claims resolved through summary judgment and settlement; attorneys submitted fee request for 132.6 hours billed over two-year period which court reduced to 88.385).

[12] TLC objects to time entries totaling 184.11 hours which it contends were improperly block billed. Of these entries, one for Lake dated October 2, 2007 for 1.25 hours, does not appear in plaintiffs' motion, memorandum in support, affidavits or time sheets submitted in support of the fee application. Further, 86.85 of these hours have already been disallowed under this order. This leaves 96.01 hours to which TLC objects as having been block billed.

alleged overbilling, it does agree that even considering the 95.26 hours which have already been disallowed, plaintiffs' counsel spent substantially more time on the case than was necessary.  The Court agrees with TLC that plaintiffs' attorneys have block-billed a significant portion of their hours and finds that allocating a precise measure of time to any one task would be virtually impossible.  Because the Tenth Circuit does not mandate that block-billed time be wholly denied, the Court exercises its discretion taking into account the unreasonableness of certain billing entries[13] to apply a general 50 per cent reduction to the remaining hours claimed. In other words, the Court finds that Brady reasonably billed 17 hours, that Hodgson reasonably billed 45.17 hours, that Lake reasonably billed 24.085 hours and that Osman reasonably billed 12.29 hours, for a total of 98.545 hours.[14]

**II.     Reasonable Hourly Rates**

To determine the second component of the lodestar figure, the Court fixes the reasonable hourly rate to which plaintiffs' attorneys are entitled, and does so by examining evidence which shows what the market commands for analogous litigation.  Case, 157 F.3d at 1255.  The Court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."  Id. at 1256.  This requires plaintiffs to submit evidence of the hourly rate the attorney would normally be able to charge in a similar case.  Id. at 1257.  The Court has discretion to increase the rates of attorneys who are experts in that type of litigation, or to reduce the rates for attorneys who are not.  Id. The Court also has discretion to consider the quality of the lawyer's performance in the case. Id.  If the Court does not have adequate evidence of prevailing market rates, the Court may use

---

[13]     See e.g., Lake's November 16, 2007 time entry for 6.67 hours with the description "Draft Motion to Dismiss and Memorandum in Support, research cases concerning supp juris, confer with [sic]."

[14]     In comparison, TLC's counsel and paralegals billed 142.2 hours from October 1, 2007 through June 30, 2008.

other factors (such as its own knowledge) to set the rate.  Id.  The fee applicant bears the burden to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  Giesmann, 2008 WL 2549009 at *5 (citing Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)).

Plaintiffs propose an hourly fee of $325 for Brady, $225 for Hodgson and Lake and $125 for Osman.  As evidence of reasonableness, plaintiffs rely upon (1) the Court's recent fee award in Giesmann, in which the Court awarded $300 and $200 to counsel and $90 per hour for law clerk time and commented that in 2007, on average, Kansas City attorneys billed $292 per hour with partners averaging $330 per hour and associates averaging $207 per hour; (2) affidavits from other attorneys who represent clients in wage and hour cases such as this; and (3) publications from Missouri Lawyers Weekly and the Kansas Bar Association which set out prevailing market rates from 2004 and 2005, respectively.  Notably, the affidavits submitted by plaintiffs' counsel contain no evidence of the hourly rates which plaintiffs' counsel customarily charge or the hourly rates which plaintiffs' counsel have obtained in other fee award cases. [15]  Rather, plaintiffs' attorneys *opine* that the rates which they request are fair and encourage the Court to unseal cases in which they have obtained fee awards.[16]

TLC objects to plaintiffs' requested hourly rates as excessive.  First, TLC contends that this Court has never awarded such rates to attorneys with skill levels similar to plaintiffs' counsel, and that plaintiffs' counsel have never charged or received hourly rates as high as those which they request in this case.  Second, TLC objects that the affidavits of other

---

[15]   An affidavit which TLC submitted from Michael Brady states that he charges hourly clients between $200 and $250 per hour and that his associates charge $135 to $200 per hour.

[16]   The Court declines plaintiffs' invitation to conduct independent research into sealed cases to supplement plaintiffs' application.

plaintiffs' attorneys should be disregarded because they are self-serving and make it appear that the case achieved class action status.

The Court agrees and finds that plaintiffs' evidence does not support the hourly rates requested for Brady, Hodgson and Lake.  Plaintiffs' lead counsel does not have comparable experience to the attorney in Giesmann who received $300 per hour, and the affidavits of outside lawyers contradict plaintiffs' other evidence, namely the publications of Missouri Lawyers Weekly the Kansas Bar Association and which set out market rates for 2004 and 2005.[17]  Plaintiffs suggest a 10 per cent fee increase between 2004 [sic] and 2008, which the Court adopts.  Accordingly, the Court finds that after averaging the appropriate "mean" data from tables II, III, IV, and VI prepared by plaintiff's counsel, with a 10 per cent increase, a reasonable hourly rate for Brady is $187.00, and a reasonable hourly rate for Hodgson and Lake is $168.58.  The Court further finds that a reasonable hourly rate for Osman is $125.00, an attorney with limited experience who is classified as a law clerk.

Johnson v. Georgia Highway Exp. Inc., 488 F.2d 714 (5th Cir. 1974), identifies twelve factors on which plaintiffs rely to justify the requested hourly rates (which factors instead are used in the Tenth Circuit to *adjust* the lodestar, rather than to set the hourly rate used to *compute* the lodestar. See e.g., In re Miniscribe Corp., 309 F.3d 1234, 1238 (10th Cir. 2002)).  The Court, however, finds that these factors do not support an upward adjustment.  Instead, they counsel a substantial reduction in the requested hours and rates.  Specifically, the following factors support a fee reduction: (1) while technically favorable, the results obtained amount to $1,936.50, a mere three per cent of the requested fee amount; and (2) the case was

---

[17]  Plaintiffs' counsel incorrectly state that the Kansas Bar Association publication reports 2004 rates.  The publication reports 2004 net income, gross revenue and overhead expense data; all other data (including rates) is from 2005.  (Doc. # 58, Ex. I, pp. 3, 23-24.)

not at all complex and did not require extensive time or sophisticated legal skill.[18]  Based on the hours which plaintiffs' attorneys reasonably worked and their reasonable hourly rates, the Court finds that the proper fee award for this case is $16,389.91 (17 hours at $187.00, 69.255 hours at $168.575, and 12.29 hours at $125.00).  The Court also finds that plaintiffs are entitled to $938.40 in expenses, which are not disputed.

**IT IS THEREFORE ORDERED** that no later than **January 15, 2009**, TLC pay plaintiffs $16,389.91 in fees and $938.40 in expenses, for a total of $17,328.31.

Dated this 8th day of January, 2009 in Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[18]    In addition, plaintiffs' counsel did not make prudent use of the time which they spent.  Plaintiffs' counsel spent excessive time to prepare a disfavored motion, failed to file a statement of consultation in violation of the local rules and submitted a marginal fee application based largely on (misplaced) argument rather than evidence.